# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:17-cr-00089 (1) |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| NEAL WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

---

### ENTRY AND ORDER DENYING DEFENDANT'S EMERGENCY APPLICATION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) AS A RESULT OF COVID-19 (DOC. 45)

---

This case is before the Court on the Emergency Application for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as a Result of COVID-19 (Doc. 45) (the "Motion"), filed by Neal Williams ("Williams"). Williams is currently incarcerated at FCI [Federal Correctional Institution] Forrest City in Arkansas. He asks this Court for compassionate release from his term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Williams also filed a letter in support of the Motion. (Doc. 47.) The United States (the "Government") filed a Response to the Motion (Doc. 48) (the "Response"), in which the Government opposes the Motion and asks the Court to deny it. The Court granted Williams's attorney's request for additional time to file a reply to the Response, but that time has now passed without the filing of a reply. (Doc. 45; 10/05/2020 NOTATION ORDER.) The matter is ripe for review.[1] For the reasons discussed below, the Court

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner

1

**DENIES** Williams's Motion.

I.     **BACKGROUND**

On June 13, 2017, the Government filed a three-count Indictment against Williams in this case, alleging the offenses of (1) conspiracy to possess with intent to distribute and to distribute 100 grams or more of a mixture or substance containing a detectable amount of carfentanil, a Schedule II controlled substance, 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)-(B); (2) possession with intent to distribute 10 grams or more of a mixture or substance containing a detectable amount of carfentanil, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of carfentanil, a Schedule II controlled substance, 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)-(B).  (Doc. 10.)

---

may take his claim to court only by moving for it on his own behalf.  To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, No. 20-5748, 2020 WL 6268582, at *3, 2020 U.S. App. LEXIS 33689 (6th Cir. Oct. 26, 2020) ("defendants may now bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").  On July 21, 2020, the Warden of FCI Forrest City denied Williams's petition requesting consideration for compassionate release.  (Doc. 45-5 at PAGEID # 177-78.)  To the extent that Williams asks the Court to waive any exhaustion requirement, it lacks the authority to do so.  *See Alam*, 960 F.3d at 833-34 (holding that the exhaustion requirement is a mandatory claim-processing condition that binds courts absent waiver or forfeiture and "nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions").  However, as the Court finds that the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A) has been satisfied (*see Alam*, 960 F.3d at 833-34), the Court need not further consider Williams's request to waive any exhaustion requirement (Doc. 45 at PAGEID # 163-64).  Additionally, the Government does not argue that Williams has failed to fulfill the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A).  (*See* Doc. 48.)

2

On August 9, 2017, pursuant to a plea agreement, Williams pleaded guilty to Count 2 of the Indictment. (*See* Docs. 16, 17.) The Statement of Facts attached to the Plea Agreement, signed by Williams and his attorney, states:

> On or about June 6, 2017, in Montgomery County, Ohio, defendant Neal Williams knowingly and intentionally possessed with intent to distribute 10 grams or more of a mixture or substance containing a detectable amount of carfentanil. More precisely, on this day, Mr. Williams carried in his car approximately 13.95 grams of a mixture laced with carfentanil, fentanyl, and heroin. Mr. Williams intended to sell this mixture to drug addicts in exchange for cash.
>
> For the information of the Court, carfentanil is a Schedule II controlled substance that is an analogue of fentanyl, a Schedule II controlled substance.

(Doc. 16 at PAGEID # 71.)

This Court imposed an 84-month term of incarceration, four years of supervised release with special conditions, and a $100 special assessment. (Docs. 27, 28, 29.) Counts 1 and 3 were dismissed. (*Id.*)

The Final Presentence Investigation Report ("PSI") regarding Williams provided additional information about the circumstances of the offense, and it identified thirty-five prior adult criminal convictions and numerous other minor convictions. (PSI ¶¶ 12-15, 42-77.) Williams's extensive criminal history, which spans two decades, included felony convictions for receiving stolen property (motor vehicle) in 2001, possession of between 200 and 1,000 grams of marijuana in 2003, robbery in 2004, possession of cocaine in 2004, possession of cocaine (again) in 2007, possession of cocaine (yet again) in 2007, trafficking in drugs and tampering with evidence in 2012, and weapons under disability in 2017. (*Id.* at ¶¶ 42-77.) Additional misdemeanor offenses ranged from disorderly conduct and attempted petty theft to driving without a license and falsification. (*Id.*)

Williams is currently 38 years old and has an anticipated release date of May 24, 2023. *See* https://www.bop.gov/inmateloc. Williams states that, at the time of filing the Motion, he had 33

3

months of his 84-month sentence remaining. (Doc. 45.)

## II. ANALYSIS

Williams asks the Court to "modify his remaining sentence to time served, with an additional period of home confinement at the Court's discretion." (Doc. 45 at PAGEID # 164.)

### A. Legal Standards

A district court has limited authority to modify a sentence. *United States v. Ruffin*, No. 20-5748, 2020 WL 6268582, at *2, 2020 U.S. App. LEXIS 33689 (6th Cir. Oct. 26, 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

Thus, pursuant to Section 3582(c)(1)(A)(i), the Court may reduce a term of imprisonment if (1) it finds that "extraordinary and compelling reasons warrant such a reduction," (2) it finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 2020 WL 6268582, at *3.

Commission," and (3) such a reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 2020 WL 6268582, at *3-4 (the statute identifies "three substantive requirements for granting relief"); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

Regarding the first requirement, "Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *Ruffin*, 2020 WL 6268582, at *3. However, commentary to an applicable policy statement issued by the Sentencing Commission identifies four, relatively narrow, circumstances in which "extraordinary and compelling reasons" may exist.[3] United States Sentencing Commission, Guidelines Manual, § 1B1.13, at cmt. n. 1 (Nov. 1, 2018) (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reasons. *Id*; *Ruffin*, 2020 WL 6268582, at *4 ("Application Note 1 identifies three specific extraordinary and compelling reasons (tied to the defendant's health, age, or family circumstances) and a fourth catchall"). Each of the four circumstances has its own parameters. U.S.S.G. § 1B1.13 at cmt. n. 1. Commentary also confirms that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* at cmt. n. 3.

Regarding the second requirement, that same applicable policy statement also requires that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13; *see also Ruffin*, 2020 WL 6268582, at *4; *Kincaid*, 802 F. App'x at 188. Section 3142(g) provides factors to be considered in making that "danger to

---

[3] *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").

5

the safety" determination.[4] 18 U.S.C. § 3142(g); *see also United States v. Jones*, No. 20-3748, 2020 U.S. App. LEXIS 32451, at *4-5 (6th Cir. Oct. 14, 2020).

Regarding the third requirement, the factors set forth in Section 3553(a) "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 2020 WL 6268582, at *4; *see also* 18 U.S.C. § 3553(a)(1), (2)(A)-(D) (among other things, the factors include consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; the need for the sentence imposed "to afford adequate deterrence to criminal conduct"; the need for the sentence imposed "to protect the public from further crimes of the defendant"; and the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

---

[4] Specifically, 18 U.S.C. § 3142(g) states:
"(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."

Finally, it remains that a "district court has substantial discretion" in deciding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A). *Ruffin*, 2020 WL 6268582, at *4; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Ruffin*, 2020 WL 6268582, at *4 ("[t]he statute says that the district court 'may' reduce a sentence if it finds the first two requirements met; it does not say that the district court must do so"); *United States v. Keefer*, No. 19-4148, 2020 WL 6112795, at *3, 2020 U.S. App. LEXIS 32723 (6th Cir. Oct. 16, 2020) ("The statute's plain text makes evident the discretionary nature of a compassionate-release decision," and "the statute lists factors that, when present, *permit* a district court to reduce a sentence") (emphasis in original); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) ("compassionate release is discretionary, not mandatory").

### B. Application

Williams argues that "the imminent danger posed by the COVID-19 pandemic" and risk factors that enhance his chances of serious complications or death if he were to contract the coronavirus (specifically, rheumatoid arthritis, his race (African-American), and his history of smoking) present extraordinary and compelling reasons to modify his remaining sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 45 at PAGEID # 160-61, 163-64.) He asks the Court to decrease his sentence to time served, with an additional period of home confinement (at the Court's discretion). (*Id.*) Among other things, Williams also states that he has a release plan, which he describes in the Motion and his letter in support. (*Id.* at PAGEID # 163; Doc. 47.)

In response, the Government argues that Williams has not demonstrated that he is eligible for release under § 3582(c)(1)(A) and USSG § 1B1.13. The Government also argues that the BOP has taken significant measures to protect inmates during the COVID-19 pandemic, and it points to the seriousness of Williams's offense and extensive criminal history. (*See* Doc. 48.)

7

For the purposes of the Court's analysis, the Court will <u>assume</u>—without deciding—that Williams has demonstrated that his stated health conditions during the current COVID-19 pandemic present an extraordinary and compelling reason to warrant release from imprisonment.[5] However, as shown above, that does not end the Court's inquiry.  The Court must still consider whether Williams is a danger to the safety of any other person or to the community and if the reduction would be appropriate after considering the § 3553(a) factors to the extent they are applicable.  18 U.S.C. § 3582(c)(1)(A)(i).

Williams pleaded guilty to an offense involving carfentanil, and his prior criminal history includes convictions for drug-related offenses (Doc. 16; PSI ¶¶ 12-15, 42-77).  Carfentanil is a very dangerous controlled substance. *See United States v. Shelton*, 791 F. App'x 519, 522 n.1 (6th Cir. 2019) (in a case involving the charge of conspiracy to distribute carfentanil resulting in the death of another individual, "[s]cientific testimony established that carfentanil is a synthetic opioid that is used in veterinary medicine as a tranquilizer for large animals like elephants, rhinoceroses, yaks, and bears," and "[i]t has no intended use in humans").  This weighs strongly against any finding that Williams is no longer a threat to the community. *See United States v. Marshall*, No. 18-cr-20491, 2020 U.S. Dist. Lexis 162919, at *6, 2020 WL 5369038 (E.D. Mich. Sept. 8, 2020) (noting that fentanyl is an extremely potent and dangerous drug and, thus, the nature of such fentanyl related offenses "weighs significantly against release").  Considering the available information concerning the nature and circumstances of Williams's offense, the weight of the

---

[5] The Court emphasizes that it does <u>not</u> find any circumstance (separately or combined) alleged by Williams to qualify as "extraordinary and compelling reasons [that] warrant a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i).  As shown herein, the Court need not address that question to decide the Motion.  *See Ruffin*, 2020 WL 6268582, at *4 ("[e]ven if [the first two requirements] are met, … a district court may still deny relief if it finds that the applicable § 3553(a) factors do not justify it") (internal quotation marks omitted): *Keefer*, 2020 WL 6112795, at *6 ("[e]ven if [the defendant's] health condition is 'extraordinary and compelling,' the district court retained discretion to conclude that [the defendant's] individual circumstances did not warrant a sentence reduction").

evidence against him, and his history and characteristics, this Court finds that Williams is "a danger to the safety of any other person or to the community, as provided by 18 U.S.C. § 3142(g)." U.S.S.C., Guideline Manual, § 1B1.13.

As part of its analysis, the Court also has considered the Section 3553(a) factors to the extent that they are applicable. This includes that the Court considers the characteristics of the defendant, including his asserted medical conditions and rehabilitation efforts. Yet, a number of the applicable factors weigh against granting the Motion. For example, the Court finds that the "nature and circumstances of the offense" do not favor early release, for the reasons set forth above. 18 U.S.C. § 3553(a)(1). Additionally, the Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence for criminal conduct, and protect the public from further crimes of the defendant do not favor early release. 18 U.S.C. § 3553(a)(2)(A)-(C). Williams also still has a substantial amount of his sentence remaining. *Ruffin*, 2020 WL 6268582, at *7 (considering the amount of the sentence that the petitioner had served); *Kincaid*, 802 F. App'x at 188 ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Williams with so much time remaining on his sentence "minimizes both the impact of [his] crime and seriousness of [his] offense." *Chambliss*, 948 F.3d at 694. Having considered the factors set forth in section 3553(a) to the extent that they are applicable, the Court finds that the requested sentence reduction is not appropriate.

In summary, in addition to finding that Williams is a danger to the safety of any other person or to the community, the Court finds that consideration of the applicable Section 3553(a) factors further supports denial of the Motion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d

Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").

### III. CONCLUSION

Although the Court recognizes Williams's asserted medical conditions, commends his apparent efforts to better himself while incarcerated (*see, e.g.,* Doc. 47), and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Emergency Application for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as a Result of COVID-19 (Doc. 45).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, November 20, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE